UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK S. CARROLL,<br><br>                              Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                              Defendant. | Case No. 2:15-cv-01077-JLR-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 3, 2016 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On March 27, 2009, plaintiff filed an application for disability insurance benefits, alleging disability as of June 16, 2008. *See* Dkt. 9, Administrative Record ("AR") 76. That application was denied upon initial administrative review on July 24, 2009, and on reconsideration on December 7, 2009. Following a hearing held before an administrative law

REPORT AND RECOMMENDATION - 1

judge ("ALJ") on December 22, 2009, plaintiff was found to be not disabled by that ALJ in a decision dated February 1, 2011. *See* AR 76–83. It appears that the ALJ's decision became the Commissioner's final decision, as there is no indication the Commissioner reopened it and plaintiff does not allege that it was reopened by the actions of the second ALJ discussed below or that it now should be.[1]

On November 16, 2012, plaintiff filed a second application for disability insurance benefits, initially alleging disability as of June 12, 2008. *See* AR 181. That application was denied upon initial administrative review on March 13, 2013, and on reconsideration on June 12, 2013. *See* AR 18. On January 15, 2014, a hearing was held before a different ALJ, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See id.* At that hearing, plaintiff amended his alleged onset date of disability to May 1, 2011. *Id.*

In a decision dated April 24, 2014, the second ALJ determined that plaintiff had not met his burden of rebutting the presumption of continuing non-disability established by the prior ALJ's decision, and that he was not disabled and thus not entitled to disability benefits. *See* AR 18–34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 5, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981, § 416.1481. On July 7, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

---

[1] A final decision of the Commissioner may be reopened where the ALJ "considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996); *see also Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). If "such a de facto reopening occurs, the Commissioner's decision as to the prior period is subject to judicial review." *Lester*, 81 F.3d at 827. "[W]here the [ALJ's] discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds," though, "the decision should not be interpreted as re-opening the claim and is therefore not reviewable." *Krumpelman v. Heckler*, 767 F.2d 586, 589 (9th Cir. 1985) (citation omitted). As discussed below, the second ALJ expressly found plaintiff had not rebutted the presumption of continuing non-disability established by the prior ALJ's decision. *See* AR 18. The undersigned thus agrees that no reopening of the prior ALJ's decision has occurred or should occur.

REPORT AND RECOMMENDATION - 2

The administrative record was filed with the Court on December 21, 2015. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the second ALJ erred: (1) in evaluating the medical evidence in the record; (2) in finding plaintiff to be capable of returning to his past relevant work; and (3) in finding plaintiff had not rebutted the presumption of continuing non-disability. For the reasons set forth below, the undersigned agrees that the ALJ erred in evaluating the medical evidence in the record, and thus in assessing plaintiff's ability to return to his past relevant work. The undersigned also agrees the ALJ erred in determining plaintiff had not rebutted the presumption of continuing non-disability, but finds that the error was harmless. Finally, for the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision and that it remand this matter for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation

REPORT AND RECOMMENDATION - 3

omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

I.     The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830. Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706–07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater

REPORT AND RECOMMENDATION - 5

weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830–31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830–31; *Tonapetyan*, 242 F.3d at 1149.

      A.  *Dr. Perez*

Plaintiff challenges the ALJ's following findings regarding the medical opinion evidence in the record:

> I give little weight to the October 2013 opinion of M[a]tthew Perez, M.D. (B14F). In a medical source statement of the claimant's physical residual functional capacity, Dr. Perez opined that the claimant can lift or carry 20 pounds occasionally and 10 pounds frequently. He can stand for one hour in an eight-hour day in 30-minute intervals, walk for two hours in an eight-hour workday, and can sit for three hours in an eight-hour workday in 30-minute intervals. Furthermore, Dr. Perez opined that the clamant can balance, and finger and feel with bilateral hands unlimitedly. Yet, he said the claimant is limited to occasionally reach, push, pull, climb stairs and ramps; and frequently handle with bilateral hands; and occasional operation of foot controls with bilateral feet. Also, he opined that the claimant cannot climb ladders, ropes, or scaffolds, crouch, and crawl. Dr. Perez stated that the claimant can tolerate occasional exposures to operating a motor vehicle and extreme temperatures, and moderate noise. However, he opined that the claimant cannot expose to any unprotected heights and vibrations (B14F). ***I give little weight to the opinion of Dr. Perez because his opinion appears to be based primarily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accepts as true most, if not all, of what the claimant reported.*** Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. The objective records do not appear to support the level of restrictions. Moreover, even though the document was titled "medical source statement," the record lacks evidence to establish that Dr. Perez had a long treating relationship with the claimant. Rather, I note that the earliest dated treatment notes from Dr. Perez was dated September 24, 2013 where Dr. Perez stated he is happy to meet with the claimant and asked that claimant to complete an intake form and make an appointment in two weeks (B12F4). This language suggests that Dr. Perez was either just starting to treat the claimant or yet to begin treatment. Therefore, at the time when making this statement, Dr. Perez was not the medical professional most able to provide a detailed, longitudinal picture of the claimant's medical impairments or might bring a unique perspective to the medical evidence. As early as a couple of weeks after Dr. Perez completed this statement, he already noted that the claimant reported improved pain with treatment (B17F3).

REPORT AND RECOMMENDATION - 6

*See* AR 31–32 (emphasis added). Plaintiff argues that these are insufficient reasons for rejecting Dr. Perez's opinion. The undersigned agrees.

The ALJ's primary reason for discrediting Dr. Perez's opinion is that he found it was based on plaintiff's subjective complaints and was not supported by the objective evidence in the record. *See* AR 31. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). However, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

Here, the ALJ's finding that Dr. Perez's opinion is based primarily on plaintiff's subjective complaints is not supported by substantial evidence. Rather, Dr. Perez's opinion appears to have been based, at least in part, on his clinical observations during plaintiff's office visit as well as diagnostic testing. *See* AR 384–90. For example, in assessing plaintiff's ability to lift or carry, Dr. Perez noted "XRays of back showing mild to moderate degenerative changes in

REPORT AND RECOMMENDATION - 7

the spine." *See* AR 384. In assessing plaintiff's ability to sit, stand, or walk, Dr. Perez noted that plaintiff "[c]annot sit or stand for the entirety of our office visits [and] is constantly shifting position." *See* AR at 385. Finally, with respect to postural activities, Dr. Perez noted that his opinion of plaintiff's abilities was based on plaintiff's "behavior in exam room with difficulties staying seated [and] standing." *See* AR 387. In short, the record does not demonstrate that that Dr. Perez based his opinion primarily on plaintiff's subjective complaints. Thus, the ALJ's conclusion that Dr. Perez's opinion was based in large part on subjective complaints was not supported by substantial evidence, and therefore was not a valid reason to discredit Dr. Perez's opinion. *See Bayliss*, 427 F.3d at 1214 n.1.

The additional reason given by the ALJ to discredit Dr. Perez's opinion is that Dr. Perez did not treat plaintiff for a long period of time. When evaluating the weight to be given to a treating doctor, if the ALJ does not give controlling weight to the treating source's opinion, the ALJ will "apply the factors listed in paragraphs [20 C.F.R. § 404.1527](c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs [20 C.F.R. § 404.1527](c)(3) through (c)(6) of this section in determining the weight to give the opinion." 20 C.F.R. § 404.1527(c)(2). Such factors include the length of the treatment relationship; the frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency of the opinion; specialization of the doctor; and, other factors, such as "the amount of understanding of [the] disability programs and their evidentiary requirements." 20 C.F.R. § 404.1527(c). As noted above, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, that opinion can

REPORT AND RECOMMENDATION - 8

be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes*, 881 F.2d at 751).

Here, the ALJ assigned little weight to Dr. Perez's opinion in part because Dr. Perez had not treated plaintiff for a long period of time, and "as early as a couple of weeks after Dr. Perez completed [the medical source] statement, he already noted that the claimant reported improved pain with treatment." *See* AR 32. While evidence of improvement can be a valid reason to reject a medical source's opinion, the ALJ cited to one notation that Dr. Perez was "happy to hear things are getting a little better" as evidence of improvement. AR 401. This one citation, unsupported by other evidence in the record, is an insufficient basis to eject Dr. Perez's opinion. Accordingly, none of the reasons provided by the ALJ to reject Dr. Perez's opinion are specific, legitimate, and supported by substantial evidence. *See Reddick*, 157 F.3d at 725.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir.2008)) (other citations omitted). The court further noted the necessity to

REPORT AND RECOMMENDATION - 9

follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinsheki v. Sanders*, 556 U.S. 396, 407, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)). The ALJ did not include all of the functional limitations opined by Dr. Perez in the residual functional capacity finding discussed below. Had Dr. Perez's opinion been given greater weight, the ultimate disability determination may have changed. Thus, the ALJ's error in evaluating that opinion was not harmless.

   B. *Dr. Becker*

Plaintiff also finds fault with the following findings made by the ALJ:

> I give no weight to the January 2014 assessment by Theodore Baker, Ph.D. (B19F) because it was done after the date last insured of December 31, 2013. Moreover, I do not find it persuasive when it is not supported by the objective findings in the record.

AR 32. Specifically, plaintiff asserts that the ALJ should have considered Dr. Becker's evaluation because the evaluation was completed shortly after the date last insured and the ALJ erred in finding that Dr. Becker's assessment is not supported by the objective findings in the record. The undersigned agrees.

The ALJ rejected Dr. Becker's opinion because Dr. Becker began treating plaintiff after the date last insured. *See* AR 32. However, the record indicates that Dr. Becker first treated plaintiff in January 2014, just days after the date last insured. *See* AR 438. Medical reports "containing observations made after the period for disability are relevant to assess the claimant's disability" during the disability period. *Lester*, 81 F.3d at 832; *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988); *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975). Because such reports "are inevitably rendered retrospectively," they "should not be disregarded solely on that basis." Smith, 849 F.2d at 1225 (citing *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985)).

REPORT AND RECOMMENDATION - 10

Dr. Becker treated plaintiff in close proximity to plaintiff's date last insured, and therefore the findings contained therein certainly could be relevant to plaintiff's condition during the pertinent time period. For this reason, the rationale offered by the ALJ to reject Dr. Becker's opinion is not supported by substantial evidence in the record. *See Hoffman*, 785 F.2d at 1425.

The ALJ also rejected Dr. Becker's opinion with a blanket statement that he did not "find it persuasive when it is not supported by the objective findings in the record." *See* AR at 32. Such a blanket statement lacks specificity required by the Court. As noted by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis does not give proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations.

*Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) (internal footnote omitted); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Accordingly, the ALJ's blanket statement is inadequate, and thus does not provide specific and legitimate basis for rejecting Dr. Becker's opinion.

II.     The ALJ's Step Four Determination

At step four of the Commissioner's sequential disability evaluation process,[3] the ALJ

---

[3] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C .F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.*

REPORT AND RECOMMENDATION - 11

found plaintiff to be capable of performing his past relevant work as a collections clerk and janitor. *See* AR 33. The ALJ explained his step four finding as follows:

> As described by the vocational expert, the claimant has past relevant work as a collections clerk … and janitor. The vocational expert testified that a hypothetical individual with the claimant's residual functional capacity would be able to perform his past work as a collections clerk.
>
> In his work history report, the claimant described his work duties to include calling debtors, typing, and editing documents. He further noted that, while working as a collections clerk, he lifted less than 10 pounds, st[oo]d for two hours in an eight-hour day, and s[a]t for six hours in an eight-hour day. Moreover, he stated that he did not need to climb, stoop, kneel, crouch, crawl, handle big objects, or reach (B5E3-6). At the hearing, the claimant also testified that this work involved data entry and talking to debtors over the phone.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant was able to perform it as actually performed. Accordingly, I find the claimant is able to perform his past relevant work.

*See* AR 33.

Plaintiff has the burden to show he is unable to perform his past relevant work. *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari,* 249 F.3d 840, 844 (9th Cir. 2001). "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." *Id.* at 844–45 (quoting 20 C.F.R. § 416.920(e)). To be found not disabled at step four, the claimant must able to perform either "[t]he actual functional demands and job duties of a particular past relevant job; or ... [t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* at 845. "This requires specific findings" on the part of the ALJ "as to the claimant's residual functional capacity, the

REPORT AND RECOMMENDATION - 12

physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* (citing Social Security Ruling ("SSR") 82–62, 1982 WL 31386).

The ALJ in this case found plaintiff had the residual functional capacity ("RFC"):

> … to perform light to sedentary work … except as follows. He can lift/carry 10 pounds frequently and occasionally. He can stand and/or walk two to four hours in an eight-hour day in 15 to 30 minute intervals. He can sit eight hours in an eight-hour day in two-hour intervals. He can occasionally stoop, crouch, kneel, balance, and climb stairs and ramps. He can never climb ladders, ropes, or scaffolds, crawl, or reach over shoulder level. He can frequently have face-to-face interaction with people. He has no restrictions related to interaction with people over the phone.

*See* AR 23–24 (emphasis omitted). First, given the ALJ's errors in evaluating the opinion evidence from Dr. Perez and Dr. Becker, the above RFC assessment cannot be said to completely and accurately describe all of plaintiff's mental and physical functional limitations at this time.[4] Thus, on this basis alone the Court finds the ALJ's step four determination to be in error, given that it is based on an erroneous RFC assessment.

Second, as noted by plaintiff—and conceded by defendant—the ALJ cited to testimony that does not exist. The ALJ noted that the vocational expert testified that a hypothetical individual with the claimant's RFC would be able to perform his past work as a collections clerk. The vocational expert offered no such testimony, nor did the ALJ present the vocational expert with such a hypothetical. *See* AR 66–69. Thus, the Court finds that the ALJ's step four

---

[4] If a disability determination "cannot be made on the basis of medical factors alone at step three of the sequential disability evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96–8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four of that process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.* Residual functional capacity is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.*

REPORT AND RECOMMENDATION - 13

determination to be in error for this additional reason, given that it was based in part on testimony that does not exist.

III. <u>The ALJ's Determination Regarding the Presumption of Continuing Non-Disability</u>

The Commissioner may apply administrative *res judicata* "to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). "[T]he principle of res judicata," though, "should not be applied rigidly in administrative proceedings." *Vasquez v. Astrue*, 572 F.3d 586, 597 (quoting *Lester*, 81 F.3d at 827); *see also Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988). In regard to "the period *subsequent* to a prior determination," furthermore, the authority of the Commissioner to apply administrative *res judicata* "is much more limited." *Lester*, 81 F.3d at 827 (emphasis in original). Normally, the Commissioner's prior determination "that a claimant is not disabled 'creates a presumption that the claimant continued to be able to work after'" the date of that determination. *Vasquez*, 572 F.3d at 597 (quoting *Lester*, 81 F.3d at 827)). That presumption of continuing non-disability will not apply, however, "if there are 'changed circumstances.'" *Lester*, 81 F.3d at 827 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)). Where there is "[a]n increase in the severity" of the impairments alleged by the claimant in the prior proceeding, the application of *res judicata* is precluded. *Id.* (citing *Taylor*, 765 F.2d at 875 (while claimant could overcome presumption by proving changed circumstances indicating greater disability, because her condition had improved rather than deteriorated, she had failed to make requisite showing of changed circumstances); *see also Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (to overcome presumption of continuing non-disability, claimant must prove changed circumstances indicating greater disability).

REPORT AND RECOMMENDATION - 14

A claimant, however, need not show that his or her "condition has worsened to show changed circumstances." *Lester*, 81 F.3d at 827. Rather, as noted by the Ninth Circuit in *Lester*, "[o]ther changes suffice." *Id.* Thus, "[f]or example, a change in the claimant's age category, as defined in the [Commissioner's] Medical–Vocational Guidelines [ (the "Grids") ], constitutes a changed circumstance that precludes the application of res judicata." *Id.* This is "[b]ecause a change in age status often will be outcome-determinative under the bright-line distinctions drawn by the" Grids. *Chavez*, 844 F.2d at 693.

"In addition, the Commissioner may not apply res judicata where the claimant raises a new issue, such as the existence of an impairment not considered in the previous application." *Lester*, 81 F.3d at 827; *see also Vasquez*, 572 F.3d at 597; *Gregory*, 844 F.2d at 666 (finding that because claimant's application raised new issue of mental impairment, it would be inappropriate to apply *res judicata* to bar her claim) (citing *Taylor*, 765 F.2d at 876 (suggesting *res judicata* may be improper where claimant has presented new facts to show prior adverse determination may have been incorrect)). Further, "all" a claimant "has to do to preclude the application of res judicata is to raise a new issue in the later proceeding." *Vasquez*, 572 F.3d at 597 n.9. That is, at least in regard to the existence of a new impairment, there appears to be no requirement that the claimant make a showing of severity in regard thereto. *See id.*

Plaintiff asserts the second ALJ erred in finding the presumption of continuing non-disability was not rebutted because he failed to properly consider whether there were changed circumstances for two reasons. First, plaintiff argues that the second ALJ failed to consider whether the severe impairment considered by the first ALJ—lumbar strain—has increased in severity. Second, plaintiff argues that the second ALJ failed to consider whether there were changed circumstances due to six new impairments not considered by the prior ALJ, including:

REPORT AND RECOMMENDATION - 15

right shoulder disorder, fibromyalgia, dysthymic disorder, cannabis dependence, alcohol dependence, and pain disorder. The undersigned agrees that the ALJ failed to consider whether plaintiff presented evidence of changed circumstances.

> In his decision, the second ALJ found in relevant part as follows:
>
> The prior decision issued on February 1, 2011 is … administratively final and the doctrine of *res judicata* applies …. Because this is a case in which there has been a prior unfavorable Administrative Law Judge decision, the issue of the presumption of continuing non-disability must be addressed…. Based on my review of the medical evidence submitted since the prior decision, I conclude that the presumption of continuing non-disability has not been rebutted. At the hearing, the claimant, through his attorney, amended the alleged onset date to May 1, 2011. Any reference to evidence that relates to the period adjudicated by the prior decision is for the sole purpose of providing a context to the claimant's current application for benefits.

AR 18. As noted above, however, with regard to changed circumstances based on impairments not previously considered, "all" a claimant "has to do to preclude the application of res judicata is to raise a new issue in the later proceeding." *Vasquez*, 572 F.3d at 597 n.9. Here, the second ALJ clearly considered new issues that form the basis for his decision. The prior ALJ found that plaintiff had a severe impairment for lumbar strain. *See* AR 78. In contrast, the second ALJ found six new severe impairments: right shoulder disorder, fibromyalgia, dysthymic disorder, cannabis dependence, alcohol dependence, and pain disorder. *See* AR 21. The ALJ cites to no portion of the record for the period prior to the first ALJ decision to show that the six new severe impairments were significant issues for plaintiff. The record also fails to indicate that the six new severe impairments were actually raised as a basis for plaintiff's claim of disability in the previous proceeding or that the prior ALJ considered the impairments in her decision. *See* AR 76–82. Accordingly, the presumption of continuing non-disability has been rebutted, and the ALJ erred in finding otherwise.

REPORT AND RECOMMENDATION - 16

Defendant contends that even if the ALJ improperly applied *res judicata*, the ALJ did not commit harmful error. The undersigned agrees. As noted above, the ALJ's application of *res judicata* was legal error. However, the plaintiff has the burden of establishing the error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights," which is to say, not merely his procedural rights.") (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). Here, the plaintiff has failed to point to any evidence that he was actually prejudiced by the ALJ's error, and therefore harmed. *McCleod v. Asture*, 640 F.3d 881, (9th Cir. 2012) ("Mere probability [of prejudice] is not enough" to establish harm warranting remand, instead "where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency 'can decide whether re-consideration is necessary'") (quoting *Shinseki v. Sanders*, 129 S.Ct. 1696, 1706, 1708 (2009)). Nevertheless, given that this matter is being remanded due to the ALJ's harmful errors in evaluating the medical evidence in the record and in assessing plaintiff's ability to return to his past relevant work, on remand the issue of *res judicata* should be re-evaluated in light of the ALJ's error here as well.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

REPORT AND RECOMMENDATION - 17

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record and plaintiff's ability to perform his past relevant work, remand for further consideration of these issues—as well as, if necessary, the issue of whether plaintiff is capable of performing other jobs existing in significant numbers in the national economy[5]—is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,

---

[5] If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process, the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett,* 180 F.3d at 1098–99; 20 C.F.R. § 416.920(d), (e).

REPORT AND RECOMMENDATION - 18

474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **June 3, 2016**, as noted in the caption.

DATED this 17th day of May, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 19